IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ISABELLA LOUISE BURROWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-00610-SRB |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendants United States of America and United States Postal Service's ("Defendants") Motion to Dismiss and Supporting Suggestions for Lack of Subject Matter Jurisdiction. (Doc. #9.) For the reasons set forth below, the motion is GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff Isabella Burrows ("Plaintiff") brings her Complaint against Defendants for an alleged personal injury resulting from a September 25, 2017, motor vehicle accident in Lee's Summit, Missouri. Plaintiff's claim is brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671, *et. seq*.

Defendants now move to dismiss the case under Federal Rule of Civil Procedure 12(b)(1). Defendants assert that Plaintiff failed to exhaust administrative remedies. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

"The plaintiff bears 'the burden of proving the existence of subject matter jurisdiction[.]'" *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Green Acres Enters. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Rule 12(b)(1) provides for

the dismissal of a claim when the Court lacks subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial challenge, the court reviews only the pleadings and all factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." *Id.*[1] In a factual attack, the court "may look outside the pleadings to affidavits or other documents" without converting the motion into one for summary judgment. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

### III. DISCUSSION

Defendants argue this Court lacks subject matter jurisdiction to address this case due to Plaintiff's failure to exhaust administrative remedies. Plaintiff disagrees and asserts she properly filed an administrative claim.

"The FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Among the procedures mandated by the FTCA is the requirement that an administrative claim be filed with the appropriate federal agency and be denied by the agency or be deemed to be denied after the six-month adjudicatory period expires. 28 U.S.C.A. § 2675. An administrative claim can be properly presented through two avenues. First, a claim can be presented when a federal agency receives an executed Standard Form 95 ("Form 95"). 28 C.F.R. § 14.2(a). The other way is when a claimant submits written notification of an

---

[1] A factual attack has been properly raised.

2

incident addressing the injury that "set[s] out the amount of damage claimed." *Melo v. United States*, 505 F.2d 1026, 1029 (8th Cir. 1974).

### A. Receipt of Standard Form 95

Defendants argue that they have no record of receiving a Form 95 from Plaintiff. Plaintiff argues that she submitted a Form 95 and that it is contained in her exhibits. The Court agrees with Defendants. Upon review, a Form 95 was not contained in the exhibits submitted by Plaintiff to this Court. As a result, Plaintiff has not satisfied her burden through this avenue according to the Code of Federal Regulations.

### B. Receipt of Written Notification of an Incident

Defendants argue that they have no record of a claim being presented by Plaintiff. Plaintiff argues she submitted the necessary documentation giving proper written notification of the incident as required by law. The Court agrees with Defendants. In support of their argument, Defendants offer a declaration from an individual employed by the United States Postal Service stating there was "no evidence or record in the [system] that Isabella Burrows submitted an administrative tort claim." (Doc. #9-1, p. 2.) Though Plaintiff claims to have mailed the documentation, she offers no certified mail receipt or other evidence of receipt by Defendants.

Plaintiff further argues that she received a 2017 correspondence from Defendants tacitly acknowledging the receipt of Plaintiff's written notification of the vehicular collision. This is unpersuasive. Plaintiff did not transmit a written notification to Defendants until August 2019. In the view of this Court, it is not possible that Defendants were able to acknowledge the receipt of a written notification in 2017 when that written notification was not transmitted until August 2019.

3

A major purpose of the claim requirement at issue in this case is to facilitate settlement. *See Lunsford v. United States*, 570 F.2d 221, 226 (8th Cir. 1977). Here, Defendants did not have that opportunity, as it did not receive an administrative claim from Plaintiff. Accordingly, this Court lacks jurisdiction because Plaintiff has failed to show she exhausted her administrative remedies.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss and Supporting Suggestions for Lack of Subject Matter Jurisdiction (Doc. #9) is GRANTED without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2023